# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JESSE LEE DUNAWAY,                    Case No. 1:14-cv-772
     Petitioner,

                              Beckwith, J.
     vs.                     Wehrman, M.J.


WARDEN, LEBANON                       **REPORT AND**
CORRECTIONAL INSTITUTION,             **RECOMMENDATION**
     Respondent.

       Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).  This matter is before the Court on respondent's motion to dismiss filed January 28, 2015. (Doc. 11).[1]  Petitioner has filed a brief opposing respondent's motion, and respondent has filed a reply to petitioner's opposition memorandum.  (Docs. 16, 17).

## I.  PROCEDURAL HISTORY

### State Trial Proceedings

       In May 2008, the Butler County, Ohio, grand jury returned a twelve-count indictment charging petitioner with one count of attempted murder in violation of Ohio Rev. Code § 2923.02~2903.02(A) (Count 1); two counts of aggravated burglary in violation of Ohio Rev. Code § 2911.11(A) (Counts 2, 3); three counts of felonious assault in violation of Ohio Rev. Code

---

      [1] Respondent has also separately filed 76 exhibits obtained from the underlying state-court record in support of the motion to dismiss.  (*See* Doc. 10).

§ 2903.11(A) (Counts 4, 5, 9); two counts of violating a protection order in violation of Ohio Rev.

Code § 2919.27(A)(1) (Counts 6, 10); one count of menacing by stalking in violation of Ohio

Rev. Code § 2903.21.1(A)(1) (Count 7); two counts of domestic violence in violation of Ohio

Rev. Code § 2919.25(A) (Counts 8, 11); and one count of telecommunications harassment in

violation of  Ohio Rev. Code § 2917.21(B) (Count 12).  (Doc. 10, Ex. 1).  The facts giving rise to

the charges, which resulted in petitioner's conviction following his entry of a no-contest plea,

were summarized as follows by the Ohio Court of Appeals, Twelfth Appellate District:[2]

> Appellant's convictions stemmed from an ongoing course of criminal activity
> occurring between March 4 and March 15, 2008.  On the evening of March 4,
> appellant sent numerous threatening text messages to the victim, his ex-girlfriend,
> Roselda Bean.  Ten days later, appellant chased Bean's vehicle down Route 4 and
> ultimately crashed his vehicle into Bean's, causing a multiple-car accident.
> Roughly 24 hours later, on March 15, appellant broke into Bean's house and
> stabbed her 11 times.

(*Id.*, Ex. 18, pp. 1-2, at PAGEID#: 423-24).

With the assistance of his trial counsel, petitioner filed a "Plea Of Not Guilty By Reason

Of Insanity; Suggestion Of Incompetence To Stand Trial."  (*Id.*, Ex. 2).  The trial court ordered a

forensic evaluation to determine petitioner's competency.  (*Id.*, Ex. 4).   Upon receipt of the

examiner's written report "without objection and by stipulation of the prosecution and defense

counsel," the court found that petitioner was competent to stand trial.  (*Id.*, Ex. 5).

Prior to entering his no-contest plea, petitioner's counsel filed a motion on petitioner's

---

[2] The Ohio appellate court summarized the facts in its direct appeal decision filed May 24, 2010.  (*See* Doc.
10, Ex. 18).  28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas
corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a
State court shall be presumed correct" unless the petitioner rebuts the presumption by "clear and convincing
evidence."  In the absence of clear and convincing evidence to rebut the Ohio Court of Appeals' factual findings
quoted below, the appellate court's findings are presumed to be correct.  *See McAdoo v. Elo,* 365 F.3d 487, 493-94
(6th Cir. 2004).

behalf to suppress a statement that petitioner made to law enforcement officials when he was arrested, as well as "the knife (or any pictures thereof)." (*Id.*, Ex. 6). Petitioner's counsel also filed a motion requesting the dismissal of the felonious assault charge in Count 9 of the indictment on the ground that the offense occurred in Hamilton County, or alternatively, that separate trials be held – one for the offenses stemming from the March 14, 2008 incident resulting in the multiple-car accident and the other for the offenses stemming from the March 15, 2008 stabbing incident. (*Id.*, Ex. 8).

On February 23, 2009, petitioner waived his suppression motion and his right to a jury trial and entered a no-contest plea to the twelve charges. (*Id.*, Exs. 7, 9-10). At the plea hearing held the same date, the trial court accepted petitioner's no-contest plea following a colloquy to ensure that petitioner was entering the plea knowingly, voluntarily and intelligently. (*See* Doc. 1, Ex. A2, Plea Hearing Tr. 3-17, at PAGEID#: 130-42). Petitioner was convicted on all charges upon the trial court's acceptance of his guilty plea. (*Id.*, Plea Hearing Tr. 17-18, at PAGEID#: 142-43).

A sentencing hearing was held on May 11, 2009. (*See* Doc. 10, Ex. 12). On May 13, 2009, the trial court issued a "Judgment Of Conviction Entry" sentencing petitioner to an aggregate prison term of twenty (20) years. (*Id.*). Specifically, the sentence consisted of a consecutive terms of imprisonment of ten (10) years for the attempted murder and aggravated burglary offenses charged in Counts 1 and 2 of the indictment, which were to be served concurrently with the remaining sentences of 10 years for the aggravated burglary offense charged in Count 3; 8 years for each felonious assault offense; 5 years for each protective-order violation offense; 18 months for the menacing-by-stalking offense and each domestic violence

3

offense; and 180 days for the telecommunications harassment offense.  (*Id.*).

### State Appeal Proceedings

Petitioner filed two timely *pro se* notices of appeal to the Ohio Court of Appeals, Twelfth Appellate District.  (Doc. 10, Exs. 13-14).  The appeals were consolidated.  (*Id.*, Ex. 15).  With the assistance of new counsel for appeal purposes, petitioner filed a brief in the consolidated appeals raising the following assignments of error:

1.  Appellant's constitutional right to counsel was prejudiced by the ineffective assistance of his trial counsel [based on counsel's failure to request a second independent competency evaluation or to provide the court-appointed psychologist with "relevant information regarding Appellant's substantial mental health history"].

2.  The trial court erred to the prejudice of the appellant when it sentenced him [to consecutive prison terms without making "certain findings on the record"].

(*Id.*, Ex. 16).  On May 24, 2010, the Ohio Court of Appeals issued an Opinion and Judgment Entry overruling the assignments of error and affirming the trial court's judgment.  (*Id.*, Ex. 18).

With the assistance of new counsel from the Ohio Public Defender's Office, petitioner timely appealed to the Ohio Supreme Court.  (*Id.*, Ex. 19).  In the memorandum in support of jurisdiction filed by counsel on petitioner's behalf, petitioner asserted as the sole proposition of law that "[b]efore imposing consecutive sentences, Ohio trial courts must make the findings of fact specified by R.C. 2929.14(E)(4) in order to overcome the presumption favoring concurrent sentences in R.C. 2929.41(A)."  (*Id.*, Ex. 20).

Thereafter, petitioner filed *pro se* motions with the Ohio Supreme Court requesting the withdrawal of the memorandum that had been filed by counsel and alleging ineffective assistance

4

by the attorney for failing "to argue and raise claims to this Court of ineffective assistance of trial counsel, v[i]ndictiveness in prosecution & sentencing, abuse of discretion by the trial judge." (*Id.*, Exs. 22-23). In August 2010, petitioner filed numerous additional *pro se* motions with the Ohio Supreme Court, requesting, among other things, to "terminate" and "vacate" the Court of Appeals' judgment; a "new appeal"; and to amend his motion alleging ineffective assistance by his current counsel to add claims challenging counsel's failure "to investigate and look into or file complaints for the defendant to this Court" regarding (1) the "illegal and unconstitutional indictment" stemming from the prosecution's failure to prove *mens rea*, (2) "potential conflicts of interest," including allegations of a relationship between the trial judge and a State witness and the trial judge's history as "a former victim of violence and rape," and (3) "further claims of ineffective assistance of trial counsel." (*See id.*, Exs. 24-29).

On September 29, 2010, the Ohio Supreme Court entered an order denying petitioner leave to appeal and summarily dismissing the appeal "as not involving any substantial constitutional question." (*Id.*, Ex. 30). In that order, the court also denied petitioner's *pro se* motions "as moot." (*Id.*).

### Proceedings On First Set Of State Post-Conviction Motions

On October 14, 2009, while his direct appeal was pending before the Ohio Court of Appeals, petitioner filed a *pro se* petition for post-conviction relief with the trial court. (Doc. 10, Ex. 31). In the petition, petitioner asserted the following "constitutional claim[s]":

1. Deprived of Sixth Amendment Right to Counsel, Ineffective, prejudice, conflict of interest. Defendant turned counsel, judge & prosecution into Bar association & Disciplinary counsel for Misconduct and prejudice over rights violations.

2.   Counsel had defendant testify of escape plot for the State but never protected the defendant or was present during investigation or questioning[.]  Once defendant questioned this counsel became prejudice[d], ineffective, neglectful & incompetent.  The information given was of serious nature to compromise defendant's case & safety and relations to counsel & prosecution because of claims of misconduct, prejudice, ineffectiveness & v[i]ndictiveness that the defendant raised.

(*See id.*).  On October 20, 2009, petitioner filed a motion to amend the post-conviction petition to include additional claims, as well as a motion to "terminate and void sentence" and a motion to withdraw his no-contest plea.  (*Id.*, Exs. 32-34).

On December 22, 2009, the trial court denied petitioner's post-conviction petition and motion to set aside his plea.  (*Id.*, Ex. 35).

On January 22, 2010, petitioner filed a *pro se* notice of appeal and motion with the Ohio Court of Appeals, Twelfth Appellate District, requesting a 15-day extension of time in which to appeal the trial court's decision.  (*Id.*, Exs. 36-37).  On January 25, 2010, he filed another *pro se* notice of appeal and other documents, including a portion of the appellate brief that had been filed by counsel on direct appeal to the Ohio Court Appeals. (*Id.*, Ex. 39).

On January 29, 2010, a magistrate denied petitioner's motion for extension of time to file an appeal, reasoning in pertinent part as follows:

The time for filing a notice of appeal is jurisdictional.  A court of appeals is specifically forbidden to extend or reduce the time for filing a notice of appeal. App.R. 14(B).  There is no provision for filing a late appeal in a civil case; failure to file a notice of appeal on time is fatal to the right of appeal.

(*Id.*, Ex. 40).[3]

---

[3] It is noted that despite the January 29, 2010 ruling, petitioner filed another *pro se* motion on February 9,

A few months thereafter, on May 19, 2010, petitioner filed a motion for relief from judgment with the trial court, which was "STRICKEN due to lack of service upon opposing counsel" on June 2, 2010. (*Id.*, Exs. 43-44). Petitioner filed a second motion for relief from judgment on June 7, 2010, which was also "STRICKEN due to lack of service" on June 16, 2010. (*Id.*, Exs. 45-46). On August 9, 2010, petitioner next filed a pleading entitled "Motion to Re-Instate Postconviction Appeal" with the Ohio Court of Appeals, Twelfth Appellate District, which was denied on August 31, 2010. (*Id.*, Exs. 47-48).

On September 30, 2010, petitioner filed a notice of appeal and memorandum in support of jurisdiction with the Ohio Supreme Court, arguing that his "postconviction appeal" should be "reinstated" because he should "not be held accountable" for delays caused by the prison and its staff. (*Id.*, Ex. 49). On December 15, 2010, the Ohio Supreme Court declined jurisdiction to hear the case and denied petitioner's "motion to reinstate the postconviction appeal . . . as moot." (*Id.*, Ex. 51).

### Second Set Of State Post-Conviction Motions

On December 29, 2009, a week after the trial court denied petitioner's first set of post-conviction motions, petitioner filed another *pro se* motion to withdraw his no-contest plea, a petition for post-conviction relief and a motion "to hear ruling on active motions." (Doc. 10, Exs. 52-54). Although no ruling on those motions is reflected on the trial court's docket record (*see*

---

2010 with the Ohio Court of Appeals, again requesting a 15-day extension of time in which to appeal the trial court's December 22, 2009 denial of his post-conviction motions. (*Id.*, Ex. 41). On February 10, 2010, the Ohio Court of Appeals denied the extension motion and reiterated in that order that "[t]he requirement that a notice of appeal be timely filed with the clerk of the trial court is jurisdictional and may not be extended by either the trial court or the court of appeals."

*id.*, Ex. 69), petitioner apparently did not pursue them and it is presumed that they were denied.

*See State v. Olah*, 767 N.E.2d 755, 760 n.2 (Ohio Ct. App. 2001) (and Ohio cases cited therein)

(applying the presumption to an outstanding motion in a criminal case that "[w]hen a trial court

fails to rule on a motion, the motion will be considered denied"); *State v. Crawford*, No. 25506,

2013 WL 5532183, at *2 (Ohio Ct. App. Oct. 4, 2013) (same); *see also Edwards v. Warden, Ross*

*Corr. Inst.*, No. 1:08cv850, 2009 WL 6600255, at *5 (S.D. Ohio Dec. 17, 2009) (Hogan, M.J.)

(Report & Recommendation) (applying the presumption set forth in *Olah* in rejecting the

contention that the one-year statute of limitations governing federal habeas petitions was

"indefinitely toll[ed]" by a state post-conviction petition that was never ruled on by the trial

court), *adopted*, 2010 WL 2519659 (S.D. Ohio June 17, 2000) (Spiegel, J.).

### Proceedings On Last-Filed State Post-Conviction Petition

Two years later, on December 20, 2011, petitioner filed yet another *pro se* petition for

post-conviction relief, which he claimed was based on "newly discovered" evidence, with the trial

court.  (Doc. 10, Ex. 55).  In that petition, petitioner asserted the following grounds for relief:

1.  A criminal defendant is denied a fair trial and the due process of law when the
    judge in the defendant's case was contacted and given information about the
    case from a relative who was involved in the case which caused the judge to
    become bias[ed] against the defendant.  This information was received outside
    the courtroom and in violation of the Rules of Evidence and Criminal
    Proceeding in violation of the 5th, 8th, and 14th Amendments of the U.S.
    Constitution.

2.  The trial court erred in adjudicating the defendant competent to stand trial
    without the defense having submitted it[]s own independe[e]nt psyc[h]ological
    evaluation by the defendant's personal doctor who had extensive knowledge fo
    the defendant's mental illness since he had treated him for years, even though
    the failure to consider was due to the untimely submission of defense counsel
    resulting from ineffective assistance of counsel, all of which violated the
    defendant's constitutional right[]s under the 5th, 6th, 8th, and 14th

Amendments of the U.S. Constitution.

(*Id.*).  Petitioner attached exhibits to the petition that only pertained to his first ground for relief.  Those exhibits included (1) a letter dated August 12, 2011 from the trial judge, Patricia S. Oney, to Eugene Whetzel, General Counsel of the Ohio State Bar Association's Legal Ethics and Professional Conduct Committee, responding to a grievance filed by petitioner;  (2) a notarized letter dated November 15, 2010 addressed "To Whom it may concern" from "David Oney" of Versailles, Indiana; and (3) a letter dated August 18, 2011 to Whetzel from Lance Salyers, the Butler County assistant prosecuting attorney, responding to petitioner's grievance.  (*See id.*, at PAGEID#: 967-72).  Petitioner also filed a motion to disqualify Judge Oney from hearing the post-conviction matter.  (*Id.*, Ex. 56).

Judge Oney recused herself from the case, and the matter was transferred to another Butler County Common Pleas Court judge, Charles L. Pater.  (*See id.*, Exs. 58, 60).  On January 10, 2012, Judge Pater denied petitioner's petition for post-conviction relief, reasoning in pertinent part as follows:

> Defendant sets forth two grounds for relief sought.  The first reason was that Judge Oney allegedly received "substantial judicial information" from a person named David Oney, whom Defendant identifies as the judge's nephew, and that this information biased Judge Oney against Defendant.  Even disregarding the fact acknowledged by Defendant that Judge Oney denies that she even knows David Oney, the assertion is not even supported by the materials provided by Defendant.  Attached to the motion is what appears to be a letter from Mr. Oney.  It is not authenticated, but assuming it to be what Defendant purports it to be, the pertinent part of it is paragraph three, which reads in part, "I told him [Defendant] that I would call my Aunt Judge Patricia Oney of the Butler County Common Pleas Court to see if I could help him in any way and he said it would not help."  Two thing[s] strike the reader of this paragraph.  First, whatever it was that Mr. Oney was going to tell Judge Oney, he believed it would be helpful to Defendant.  Second, Mr. Oney did not actually contact Judge Oney in this regard.  Thus, the first ground of support for the motion is without merit.

The second reason proffered for granting the motion is that Defendant was found competent to stand trial when he should have been determined to be incompetent. Defendant alleges that this happened because his attorney failed to submit a report from Defendant's doctor in a timely fashion. In other words he alleges ineffective assistance of counsel. Defendant has been aware of this issue for years. It should have been raised in appeal, and perhaps it was. Whether it was or not, his effort to introduce it now is untimely. Thus, the second ground will not support the relief either.

(*Id.*, Ex. 60).

Petitioner appealed to the Ohio Court of Appeals, Twelfth Appellate District. In his appellate brief, he presented the following assignments of error:

1. The trial Court erred in not reversing this Appellant's conviction based on the struc[t]ural error resulting from judicial bias which violates the Appell[]ant's constitutional rights to a fair trial and the due process of law guaranteed by the 5th, and 14th amendments of the US constitution and Article 1 Section 16 of the Ohio constitution.

2. The trial court erred in denying relief to the appellant on this 8th amendment claim as it is clearly unconstitutional to convict and sentence a criminal defendant who is mentally incompetent. This results in a violation of the 5th, 8th and 14th amendments of the US constitution and Article[] 1 Sections 9& 16 of the Ohio constitution.

(*Id.*, Exs. 61-62).

On September 24, 2012, the Ohio Court of Appeals overruled the assignments of error and affirmed the trial court's judgment "on the basis of *State v. Wells*, 12th Dist. No. CA2006-11-129, 2007-Ohio-5388, ¶ 11."[4]  (*Id.*, Ex. 64).

---

[4] In *Wells*, the Ohio Court of Appeals, Twelfth Appellate District, held in paragraph 11 that the appellant's post-conviction petition "was not timely filed within 180 days after the date on which the trial transcript was filed in the court of appeals in appellant's direct appeal of his conviction" and that the untimely petition did "not qualify for the exception pursuant to R.C. 2953.23(A)(1)" that would permit review of the petitioner's time-barred claims. *See State v. Wells*, No. CA2006-11-129, 2007 WL 2917213, at *2 (Ohio Ct. App. Oct. 9, 2007).

Petitioner appealed to the Ohio Supreme Court, raising the same two claims that had been asserted as assignments of error to the Ohio Court of Appeals as propositions of law.  (*Id.*, Exs. 65-66).  On February 6, 2013, the Ohio Supreme Court declined to accept jurisdiction of the appeal.  (*Id.*, Ex. 68).

### Federal Habeas Corpus Petition

The instant federal habeas action commenced on September 31, 2014, the date the petition was stamped as "filed" with the Court.  (*See* Doc. 1).  However, for statute of limitations purposes, the undersigned will presume in petitioner's favor that the habeas petition was filed over a month earlier, on August 22, 2014, the date that petitioner claims he placed the *pro se* pleading in the prison mailing system.  (*See* Doc. 1, at PAGEID#: 15).[5]  In the petition, petitioner alleges the following grounds for relief:

**Ground One:**  Ineffective assistance of trial counsel.

**Supporting Facts:**  Counsel made numerous promises he never kept, failed to investigate and present mental health history and investigate and present extra-judicial relationship and exposure caused by [D]avid On[e]y to the trial judge who was her nephew.  He also failed to challenge the sentence and challenge territorial jurisdiction of numerous charges.  All of which in violation of the 5th, 6th and 14th amendments of the US constitution.

**Ground Two:**  Plea Unconstitutional.

**Supporting Facts:**  Due to mental illness, unkept promises of trial counsel and improper extra-judicial contact and information received causing judicial bias, plea not knowingly, voluntarily or intelligently made in violation of the 5th and 14th amendments of the US Constitution.

---

[5] It is well-settled that the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing.  *See Houston v. Lack,* 487 U.S. 266 (1988); *see also Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders,* 206 F. App'x 497, 499 n.1 (6th Cir. 2006).  It is noted that although the undersigned has presumed that petitioner submitted his petition to the prison mailroom for delivery to the Court as he has averred on August 22, 2014, that date is suspect given the over one month delay that occurred before the petition was actually stamped as "filed."

**Ground Three:** Judicial Bias.

**Supporting Facts:** The trial court judge, Judge Patricia On[e]y, is related to individuals involved in the case who were later called as witnesses and the judge received extra-judicial information about the case before even indictment from one of those relatives in violation of the 5th, 8th and 14th amendments.

**Ground Four:** Conviction Unconstitutional.

**Supporting Facts:** This petitioner was not mentally competent to be convicted of any charges against him in violation of the 5th, 8th and 14th amendments.

(*Id.,* at PAGEID#: 5, 7, 8, 10).

Respondent has filed a motion to dismiss the petition. (Doc. 11). Respondent contends that the petition is subject to dismissal with prejudice because it is barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (*Id.*). Petitioner has filed a memorandum in opposition to the motion to dismiss, arguing that the petition is not time-barred and that any procedural bar to review should be excused "to correct a miscarriage of justice" in a case over which the trial court lacked jurisdiction. (Doc. 16). Respondent has filed a brief in reply to petitioner's opposition memorandum to clarify that "[a]t no point in the respondent's motion to dismiss did respondent concede any factual allegation against the trial judge or any other fact asserted by [petitioner]." (Doc. 17). Respondent also argues that petitioner's "jurisdictional challenge" to his conviction cannot serve to excuse the statute-of-limitations bar to review. (*See id.*).

## II. RESPONDENT'S MOTION TO DISMISS (DOC. 11) SHOULD BE GRANTED BECAUSE THE PETITION IS TIME-BARRED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody

12

pursuant to the judgment of a state court must file an application for a writ of habeas corpus

within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the

pendency of a properly filed application for state post-conviction relief or other collateral review.

The Court must first determine which limitations provision contained in 28 U.S.C. §

2244(d)(1) applies to petitioner's four grounds for relief.  It is clear from the record that §

2244(d)(1)(B) and § 2244(d)(1) (C) are inapplicable because petitioner neither has alleged that he

was prevented from filing a timely habeas petition by any state-created impediment to filing,[6] nor

has asserted a constitutional right newly recognized by the United States Supreme Court and

---

[6] In so finding, the undersigned notes that petitioner has suggested in state-court pleadings filed in proceedings held on his first set of state post-conviction motions that he was prevented by delays caused by prison staff from filing a timely appeal to the Ohio Court of Appeals from the trial court's December 22, 2009 decision denying his petition for post-conviction relief and his motion to set aside his no-contest plea.  However, no such argument was made with respect to the appeal proceedings, which did not conclude until over a year later when the 90-day period expired for filing a petition for writ of certiorari to the United States Supreme from the Ohio Supreme Court's final direct-review ruling on September 29, 2010.  (*See* Doc. 10, Ex. 30).  Indeed, no such argument could be made given that prior to the conclusion of direct review, petitioner was not prevented by any prison delays from filing numerous pleadings seeking an appeal from the trial court's December 22, 2009 decision in the state post-conviction matter.  (*See id.*, Exs. 36-37, 39, 41, 43, 45, 47, 49).

13

made retroactively applicable to cases on collateral review.

It is respondent's position that petitioner's claims are governed by the one-year statute of limitations set forth in § 2244(d)(1)(A), which began to run at the conclusion of the state direct review proceedings. (*See* Doc. 11, p. 19, at PAGEID#: 1114). Petitioner has not demonstrated that he could not in the exercise of due diligence discover the factual bases for the claims presented in the instant action until after the conclusion of the appeal. Indeed, to the contrary, it appears from the record that petitioner was well aware of the factual bases for his grounds for relief by the time the final judgment entry of conviction and sentence was issued in May 2009. Although petitioner stated in his state post-conviction petition filed in December 2011 that the petition was based on "newly discovered" evidence, petitioner only submitted evidence pertaining to his claim of judicial bias stemming from the trial judge's alleged relationship to a potential State witness, David Oney, whom petitioner claimed was the judge's nephew. (*See* Doc. 10, Ex. 55, at PAGEID#: 967-72).[7] Upon review of the evidentiary materials submitted by petitioner in support of that petition, it appears from David Oney's notarized letter dated November 15, 2010 that petitioner was made aware of the purported relationship between the trial judge and David Oney soon after the incidents giving rise to the criminal charges took place, *before* petitioner's arrest on March 28, 2008 and Judge Oney's assignment to the case on April 15, 2008, when David Oney allegedly picked petitioner up after the "car accident" incident on March 14, 2008

---

[7] It is important to point out that, contrary to petitioner's contention in his memorandum in opposition to respondent's motion to dismiss (*see* Doc. 16), it has not been established or otherwise conceded that the trial judge and David Oney are actually related or have ever been in contact with each other. In her response to the grievance filed by petitioner with the Ohio State Bar Association, Judge Oney has stated that neither she nor her husband know "a David Oney," that she "was never contacted by a David Oney in regard to the case of Jesse Dunaway," and that "[n]o one on [her] staff had talked directly or indirectly to David Oney pertaining to the case of Jesse Dunaway." (Doc. 10, Ex. 55, at PAGEID#: 967).

and brought petitioner to his house in Indiana.  (*See id.*, at PAGEID#: 968, 969).  Specifically, the

letter provides in pertinent part:

> Jessie was discussing with me the events that caused his accident and how he
> needed legal help[.]  I told him that I would call my Aunt Judge Patricia Oney of
> the Butler County Common Pleas Court to see if I could help him in any way and
> he said it would not help.

(*Id.,* at PAGEID#:  969).  Because it is thus clear from the record that petitioner knew or should

have known the factual predicate for all of the claims asserted as grounds for relief in the instant

petition long before his conviction became final by the conclusion of direct review or expiration

of time for seeking such review, the undersigned concludes that § 2244(d)(1)(A), rather than §

2244(d)(1)(D), applies to the case-at-hand.

In this case, petitioner's conviction did not become "final" within the meaning of §

2244(d)(1)(A) until December 28, 2010, when the 90-day period expired for filing a timely

petition for writ of certiorari to the United States Supreme Court from the Ohio Supreme Court's

September 29, 2010 final ruling dismissing petitioner's direct-review appeal.  (*See* Doc. 10, Ex.

30); *see also Lawrence v. Florida,* 549 U.S. 327, 333-34 (2007) (citing *Clay v. United States*, 537

U.S. 522, 527-28 (2003), as support for the conclusion that in contrast to the tolling provision set

forth in 28 U.S.C. § 2244(d)(2), "direct review" for purposes of determining finality under §

2244(d)(1)(A) includes the time for seeking review in the United States Supreme Court).  The

statute of limitations commenced running on December 29, 2010, one day after petitioner's

conviction became final within the meaning of § 2244(d)(1)(A), *see* Fed. R. Civ. P. 6(a);

*Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on December 29,

2011 absent application of statutory or equitable tolling principles.[8]

During the one-year limitations period that began on December 29, 2010, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review.  *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003).  "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run."  *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).  Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar.  *Id.*

In this case, the proceedings on petitioner's first and second set of state post-conviction motions did not serve to toll the limitations period because those proceedings ended by December 15, 2010 (*see* Doc. 10, Ex. 51), before the statute of limitations had even begun to run.  Petitioner did file a state post-conviction petition on December 20, 2011, nine days before the statute of limitations was due to expire.  (*See id.*, Ex. 55).  Assuming in petitioner's favor that the petition served to toll the limitations period while it was pending before the Ohio courts,[9] the statute

---

[8] Even assuming, solely for the sake of argument, that the one-year statute of limitations set forth in § 2244(d)(1)(D) governs petitioner's claims and the statute of limitations did not begin to run until February 7, 2013, the day after the Ohio Supreme Court issued the final ruling in proceedings held on petitioner's most recent state post-conviction petition filed in December 2011, the instant petition would still be time-barred.  The one-year statute of limitations would have run its course by February 7, 2014, over six months before petitioner initiated the instant action in August 2014.

[9] The undersigned notes, however, that a strong argument can be made that the statute of limitations was not tolled under § 2244(d)(2) during the pendency of the December 20, 2011 petition before the Ohio courts because the Ohio Court of Appeals, which was the last state court to issue a reasoned decision in the matter, determined that the petition was subject to dismissal on the ground that it was untimely filed.  (*See* Doc. 10, Ex. 64).  *See also supra* p. 10

would have commenced running again on February 7, 2013, one day after the Ohio Supreme Court issued the final ruling in the post-conviction matter.  *See Lawrence,* 549 U.S. at 331-36 (holding that tolling under 28 U.S.C. § 2244(d)(2) does not include the time for seeking review in the United States Supreme Court).  Therefore, the statute of limitations, which had already run for 356 days before it was arguably tolled on December 20, 2011, expired at the very latest on February 18, 2013.[10]

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland,* 560 U.S. at 645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control."  *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)).  Equitable tolling is granted "sparingly."  *Id.*  (quoting *Robertson*, 624 F.3d at 784).  A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing."  *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005).  Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling,

---

n.4.  It is well-settled that that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) only "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing.  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2).  *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

[10] The actual expiration date for the one-year limitations period was February 16, 2013, which fell on a Saturday.  The undersigned assumes in petitioner's favor that he had until Monday February 18, 2013 in which to file a timely habeas petition with this Court.

*Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

 In this case, petitioner has not provided any justification for his long delay in seeking federal habeas relief. In addition, petitioner has not shown that an "extraordinary circumstance" prevented him from filing a timely federal habeas petition within a year after his conviction and sentence became final on December 28, 2010. *See supra* p. 13 n.6. Therefore, he is not entitled to equitable tolling of the statute of limitations.

 Petitioner has suggested in his memorandum in opposition to the motion to dismiss that the statute of limitations does not pose a bar to review because he has raised jurisdictional issues amounting to structural error that may be raised at any time. (*See* Doc. 16). However, habeas petitioners cannot evade the AEDPA's statute of limitations "by the simple expedient of arguing that [the challenged] conviction is void." *Tackett v. Warden, Chillicothe Corr. Inst.*, No. 1:11cv450, 2012 WL 2094365, at *6 (S.D. Ohio June 11, 2012) (Bowman, M.J.) (Report & Recommendation) (internal citations and quotation marks omitted) (rejecting the petitioner's argument that the statute of limitations did not apply to bar review of his jurisdictional claims based on defects in the indictment, jury verdict, and final judgment entry), *adopted*, 2012 WL 3023260 (S.D. Ohio July 24, 2012) (Beckwith, J.). *See also Worthy v. Warden, Chillicothe Corr. Inst.,* No. 2:12cv652, 2013 WL 4458798, at *2 (S.D. Ohio Aug. 19, 2013) (Sargus, J.) (citing *Frazier v. Moore*, 252 F. App'x 1, 4-5 (6th Cir. 2007), in rejecting the petitioner's contention that

18

the statute of limitations did not apply because his convictions and sentences were rendered void by the amendment of his indictment without resubmission to the grand jury); *Golson v. Brunsman,* No. 3:08cv012, 2008 WL 1733154, at *2 (S.D. Ohio Apr. 14, 2008) (Rice, J.; Merz, M.J.) (in rejecting the petitioner's argument that his claim of jurisdictional defects was not barred from review by the AEDPA's statute of limitations, the court stated: "While it is true that a conviction entered by a court without jurisdiction is void, that does not imply that the statute of limitations enacted by Congress for habeas corpus actions does not apply to claims of lack of subject matter jurisdiction."); *Peoples v. Jackson,* No. 1:05cv573, 2007 WL 852229, at *4, *13 (S.D. Ohio Mar. 19, 2007) (Barrett, J.; Hogan, M.J.) (holding that the statute of limitations applied to bar review of the petitioner's claim of a "structural defect" that voided the judgment of conviction); *United States ex rel. Wahl v. Sims,* No. 08 CV 1383, 2009 WL 307965, at *2 (N.D. Ill. Feb. 5, 2009) (holding that the federal habeas petition was time-barred and not subject to equitable tolling "regardless of [the petitioner's] assertion that his indictment was void").  Like the petitioner in *Frazier* and other cases cited above, because petitioner "is in custody pursuant to a judgment of the Ohio courts, even if that judgment may not be valid under state law, he is subject to 28 U.S.C. § 2244(d)'s one year statute of limitations in filing his federal habeas petition."  *See Frazier*, 252 F. App'x at 4-5.

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254.  Under the applicable statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the statute began to run on December 29, 2010, one day after petitioner's  May 13, 2009 conviction and sentence became final.  Assuming, solely for the sake

19

of argument, in petitioner's favor that the limitations period was tolled during the pendency in the

state courts of his state post-conviction petition filed on December 20, 2011, the statute began to

run again on February 7, 2013 and expired at the very latest on February 18, 2013. Equitable

tolling principles do not apply to further extend the limitations period or otherwise avoid the

statute of limitations bar to review in this case. Therefore, respondent's motion to dismiss (Doc.

11) should be **GRANTED** on the ground that the petitioner's habeas corpus petition filed on

August 22, 2014, over one and one-half years past the filing deadline, is time-barred.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 11) be **GRANTED**, and petitioner's petition for

a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on

the ground that the petition is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to any of the claims for

relief alleged in the petition, which this Court has concluded is barred from review on a

procedural ground, because under the first prong of the applicable two-part standard enunciated in

Slack v. *McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable

whether the Court is correct in its procedural ruling.[11]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,*

the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting

this Report and Recommendation would not be taken in "good faith," and therefore **DENY**

---

[11] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of
*Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional
claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

20

petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R.

App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).


Date:   June 24, 2015                              s/ J. Gregory Wehrman
                                                   J. Gregory Wehrman
                                                   United States Magistrate Judge

21

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JESSE LEE DUNAWAY,                          Case No. 1:14-cv-772
          Petitioner,

                                            Beckwith, J.
     vs                                     Wehrman, M.J.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
          Respondent.


## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

WITHIN 14 DAYS after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc